**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4080**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUENTIN ORLANDO RUTLAND,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-02-31)

———————

Submitted:  May 20, 2005          Decided:  June 3, 2005

———————

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Quentin Orlando Rutland was convicted after a jury trial of one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and one count of possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b), 846 (2000). He was sentenced to 235 months in prison and five years of supervised release. Rutland appeals, claiming his sentence was imposed in violation of United States v. Booker, 125 S. Ct. 738 (2005). We vacate his sentence and remand for resentencing.

Because Rutland raised his Booker challenge for the first time on appeal, we review for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). As set forth in United States v. Olano, 507 U.S. 725, 732 (1993), plain error is present if: (1) there was error; (2) it was plain; and (3) it affected the defendant's substantial rights. If these conditions are met, we may then exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alterations omitted). We find plain error under Olano in regard to Rutland's sentence.

First, the prison term imposed on Rutland constituted error under Booker. See 125 S. Ct. at 755-56 (holding Sixth Amendment contravened when sentencing court, acting pursuant to

Guidelines, imposes sentence greater than maximum authorized by facts found by jury alone). Under the then-mandatory Guidelines regime, the jury verdict finding Rutland guilty of conspiracy to distribute fifty grams or more of cocaine base supported an offense level of 32, which together with his category III criminal history, resulted in a sentencing range of 151-188 months in prison. However, the court's findings that Rutland was responsible for 240 grams of cocaine base and that he obstructed justice, increased the offense level to 36, yielding a sentencing range of 235-298 months. Pursuant to Booker, the court erred in relying on its own fact-finding to impose a sentence of more than 188 months.[*] See Hughes, 401 F.3d at 547 (recognizing that imposition of a sentence "in part based on facts found by the judge . . . constituted error").

Second, although Rutland's Sixth Amendment contention was foreclosed by our precedent at the time of his sentencing, Booker has since "abrogated our previously settled law," rendering the error plain. Hughes, 401 F.3d at 548. Third, the error was prejudicial, in that Rutland's 235-month sentence was greater than

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Rutland's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain' if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

the 188-month maximum authorized by the facts found by the jury alone.  Id. at 548-49.

Finally, to affirm Rutland's sentence despite the error would seriously affect the fairness, integrity, or public reputation of these judicial proceedings.  In the wake of Booker, the Guidelines are to be treated as advisory (rather than mandatory), and sentences that fall within the statutorily prescribed range are reviewable only for reasonableness.  Id. at 546 (citing Booker, 125 S. Ct. at 765-68).  The record before us does not indicate what sentence the court would have imposed on Rutland had it exercised discretion under 18 U.S.C. § 3553(a) and treated the Guidelines as merely advisory.  Although it is possible that Rutland will receive the same sentence on remand, "[t]his possibility is not enough to dissuade us from noticing the error."  Hughes, 401 F.3d at 556.  We therefore vacate Rutland's sentence and remand for resentencing consistent with Booker and its progeny.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED